UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-141-FDW

| MANUEL A. ECHEVERRA, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) ORDER |
| BRYAN WELLS, Administrator, | ) |
| Pender Correctional Institution, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on consideration of Respondent's motion for summary judgment on the claims presented by Petitioner in his pro se petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, Respondent's motion will be granted and Petitioner's Section 2254 petition will be denied and dismissed.

### I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who was convicted in Wilkes County Superior Court following his tender of an <u>Alford</u> plea to sex offense in a parental role, indecent liberties with a minor and crime against nature. Petitioner was represented by counsel during this hearing and was sentenced according to the express terms of a written plea agreement to a term of 33 to 49 months and a consecutive term of 21 to 26 months.[1] In exchange for his guilty plea, the State agreed to dismiss the charge of first-degree offense sex offense with a child. (Doc. No. 6-2: Transcript of Plea form). On July 25, 2011, the court entered judgment. (<u>Id.</u>, Doc. No. 6-3). Petitioner did not appeal.

---

[1] The plea agreement provided that the crime against nature charge would be consolidated with the charge of indecent liberties for sentencing purposes.

1

On March 30, 2012, Petitioner filed a pro se motion for appropriate relief (MAR) in Wilkes County Superior Court in an effort to challenge his guilty plea. Petitioner argued that his plea was not knowing and voluntary and he asserted that he had not received effective assistance of counsel. In challenging his guilty plea, Petitioner argued that he was suffering from mental illness at the time he entered his plea claiming that he was diagnosed with post-traumatic stress disorder (PTSD), Bipolar disorder, anxiety, depression and he asserted that he experienced hallucinations and heard voices. Petitioner also argued that he was distressed because he had recently lost a child. (Id., Doc. No. 6-6: MAR). The superior court appointed N.C. Prisoner Legal Services to represent Petitioner and attorney Marcus Shields was assigned to review the case and ordered to either file an amended MAR on behalf of Petitioner or to file notice that no new amendment would be filed. Mr. Shields opted for the latter option and the State of North Carolina then filed its answer opposing relief and September 24, 2012, Judge Edgar Gregory entered an order denying the MAR. (Doc. No. 6-7). Petitioner filed a petition for a writ of certiorari with the North Carolina Court of Appeals and the State filed a response. On June 27, 2013, the court denied the petition. Echeverra v. State, No. P13-2445 (N.C. Ct. App. June 27, 2013. (Id., Doc. No. 6-10). Petitioner then filed a second MAR in Wilkes County Superior Court contending again that he received ineffective assistance of counsel and asserting that he had obtained newly discovered evidence. Judge Gregory summarily denied it after finding that Petitioner was procedurally barred under North Carolina law from filing a second MAR and that his claims were the same as those he presented in his initial MAR. (Id., Doc. No. 6-12). Petitioner once again filed a petition for writ of certiorari with the court of appeals and this too was denied. (Id., Doc. 6-15).

This federal habeas petition follows. Respondent has filed a motion for summary judgment contending that Petitioner is not entitled to federal habeas relief. Petitioner was advised of his obligation to respond to the motion and he has filed his response. (Id., Doc. No. 7). Petitioner's contentions will be addressed herein.

## II. STANDARD OF REVIEW

### A. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

### B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the requirements set forth in 28 U.S.C. § 2254, which provides in relevant part, that an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree. . ." Young v. Catoe, 205 F.3d 750, 755 n.2 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)). A state court's adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F.3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)) (citations and internal quotation marks omitted).

### III. DISCUSSION

A. Ground One

Petitioner again contends that his guilty plea was not knowingly, voluntarily, and intelligently given based on the same alleged mental illnesses that he included in his first MAR. He also renews his argument that his mental state was impaired because he had just lost a child

4

prior to his plea hearing and that he was coerced by his lawyer to enter into the plea agreement. (Doc. No. 1 at 5).

On July 25, 2011, Petitioner appeared with counsel for his plea hearing and he was placed under oath. Petitioner averred that he could hear and understand the court, that he was not under the influence of any impairing substance, that his lawyer had explained the elements of each charge and that he understood them, and that he was satisfied with his lawyer's services and had discussed any possible defenses to the charges. Petitioner also averred that he understood that he had the right to plead not guilty and have a jury trial to establish his guilt or innocence, and that by choosing to plead guilty he would waive this right. Petitioner confirmed that he had entered into a plea arrangement with the State in an effort to resolve his charges and that he agreed with the terms of the agreement. Petitioner further agreed that his plea was given of his own free will and that he fully understood what he was doing, that there were facts which supported his decision to plead guilty, and that he consented to the State presenting a summary of the evidence against him. Finally, Petitioner averred that no one had threatened or promised him anything that would cause him to enter into the plea agreement.

Petitioner signed the Transcript of Plea form and averred that he had heard all of the questions posed during the hearing, and he swore that the answers that were contained on the form were true and accurate. The court then made the following factual findings: there is a factual basis to support the entry of guilty plea; the defendant was satisfied with the services of his attorney; the defendant is competent to stand trial; and the plea "is the informed choice of the defendant and is made freely, voluntarily and understandingly." (Doc. No. 2: Transcript of Plea form). On March 30, 2012, some 249 days after he entered his solemn guilty plea, Petitioner

filed his first MAR and contended that those sworn answers were not true.

Plea arrangements help promote finality. "Whatever might be the situation in an ideal world, the fact is that the guilty plea and concomitant plea bargain are important components of this country's criminal justice system." Blackledge v. Allison, 431 U.S. 63, 71 (1977). "These advantages can be secured, however, only if the dispositions by guilty plea are accorded a great measure of finality." Id. "Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a [plea hearing] is conclusively established" and statements made under oath which later "contradict the sworn statements" should be disregarded. United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005). See Blackledge, supra at 74 ("For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity.").

The record before this Court establishes that the State court made explicit findings of fact and conclusions of law – to which Petitioner offered his sworn and complete agreement – and this places a heavy burden on him to rebut those facts. On federal habeas review, in this context, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Id. § 2254(e)(1). In addition to an examination of the Transcript of Plea, the Court has considered the State court orders denying both of his MAR's and finds that Petitioner has failed to demonstrate that either decision runs contrary to controlling Supreme Court precedent or that the State court misapprehended the facts as set forth in Petitioner's record of conviction. Id. § 2254(d). Based on the foregoing, the Court finds that Petitioner has

6

failed to demonstrate any basis by which he should be entitled to habeas relief on this claim and it will be denied.

 B. Ground Two

Next, Petitioner contends that his trial counsel was ineffective because he failed to discover that he was actually innocent of the crimes to which he pled guilty. Petitioner states that he was not in North Carolina during the time frame in which the indictments alleged the crimes were committed. Petitioner contends that he was spending time in the Cook County Jail in Chicago from December 31, 2004 until January 17, 2005. (Doc. No. 1 at 7).

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." <u>Id.</u> at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." <u>Carpenter v. United States</u>, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. <u>Id.</u>

To demonstrate prejudice in the context of a guilty plea, Petitioner must still satisfy the standard set forth in <u>Strickland</u>. In regard to the second prong, Petitioner must demonstrate that he was prejudiced by ineffective assistance of counsel by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

Attached to his § 2254 petition, is a document entitled "Verification of Incarceration" that is dated April 30, 2013. The document carries the heading of Cook County Department of Corrections (CCDOC). The verification states that Petitioner was in the custody of the CCDOC from January 1, 2005, to January 24, 2005, on a charge of domestic battery. (Doc. No. 1-1 at 14).

On November 8, 2010, the grand jury sitting in the Superior Court Division for Wilkes County returned true bills of indictment charging Petitioner with a crime against nature, first-degree sex offense with a child, and indecent liberties with a child with the latter two acts alleged to have occurred between January 1, 2005 and December 31, 2006. (Doc. No. 6-4: Indictments).

Petitioner raised this claim of actual innocence for the first time in his MAR some eight months after he entered his pleas of guilty and when he swore that he was in fact guilty of the crimes charged against him. The State MAR court appointed Petitioner an attorney to examine his claims and determine if further argument in support of the claims was warranted. No

amended MAR was filed and his attorney, Mr. Shields informed the court that no further amendment or amendments would be filed. In adjudicating his MAR, the State court made detailed findings of fact, in particular, that Petitioner had presented no evidence to support his claim that he was incarcerated in Illinois during the times the crimes were alleged to have occurred.[2] As the State court found: "The defendant's allegation concerning his incarceration in Illinois does not constitute newly discovered evidence for obvious reasons, namely, the defendant knew about this at the time of his plea hearing and when he first spoke with his attorney." (Doc. No. 6-7: MAR at 4 ¶ 3). The State court further noted that the dates alleged in the indictment covered the January 1, 2005 thru December 31, 2006. (Id.).

The Court finds that this factual finding is certainly correct because Petitioner was only incarcerated in Illinois for less than one month and the indictment alleges crimes that occurred during a two-year time span. And as noted, Petitioner swore that he in fact committed the crimes charged in his indictment to which he pled guilty. For the foregoing reasons, the Court finds that Petitioner has failed to carry his burden of presenting any credible argument of actual innocence and this claim will be denied.

C. Ground Three

In this claim, Petitioner contends that there was an inadequate factual basis to support his entry of guilty plea because the State failed to present sufficient evidence to support his convictions, that is, no evidence related to DNA or hair strands. (Doc. No. 1 at 8). This argument is without merit.

As has been established, Petitioner's guilty plea was knowingly, voluntarily and intelligently entered and he declared under oath that the State could present a factual basis to

---

[2] Petitioner did not present this Verification form to the State court in this MAR proceeding.

support his guilty plea. The State court signed the Transcript of Plea form and concluded as a matter of law that there was a factual basis for the entry of this plea, (Doc. No. 6-2 at 5), and Petitioner does not make a claim that he is actually innocent of the charged crimes, other than to present a misguided argument that he could not have committed the crimes because he was detained in Cook County Jail for less than one month during the time the crimes were alleged to have occurred. In sum, there has been no showing by Petitioner that the State court's factual findings should not be presumed to be correct, and in fact, Petitioner has failed to rebut this presumption under any burden of proof. See id. § 2254(e)(1). For these reasons, this argument is denied.

  D.  Ground Four

In this final claim for relief, Petitioner argues that the State court erroneously found that he had five prior criminal history points when it assigned one point for being on probation or parole or serving an active sentence at the time he committed his latest offenses of conviction. (Doc. No. 1 at 10). This argument should fail for at least two reasons.

First, Petitioner, while under oath, accepted the terms of his plea agreement which provided that he would be sentenced to a term of 33-49 months for the sex offense in a parental role and a consecutive term of 21-26 months for the convictions of indecent liberties with a child and crime against nature. In exchange for his guilty pleas, the State agreed to drop the charge of first-degree sex offense with a child which is a B1 felony and even with a Level II prior record level he could have faced a mitigated sentence on that charge of 230-288 months. Thus, he received the benefit of his bargain by locking down a sentence in exchange for the State's agreement not to pursue the most serious charge. See N.C. Gen. Stat. § 14-27.4(b).

10

Second, Respondent has asserted the State's procedural bar in this instance because Petitioner did not raise this claim in either of his two MARs. A review of the record matter shows Petitioner pled guilty on July 25, 2011, and filed his first MAR on March 30, 2012 and failed to raise this issue. Petitioner filed his second MAR on May 20, 2013, and once again he failed to raise this issue. It was only in his petition for a writ of certiorari to the North Carolina Court of Appeals on July 23, 2013, that he chose to pursue this issue, thus nearly two years to the day after pled guilty. (Doc. No. 6-13). The Court finds that the State has shown that Petitioner has procedurally defaulted this claim for failing to raise the issue in his initial MAR proceeding, let alone when making a second effort for collateral relief in State court through his second MAR. See Rose v. Lee, 252 F.3d 676, 683 (4th Cir.) (noting mandatory effect of North Carolina's post-conviction procedural bar as codified in N.C. Gen. Stat. § 15A-1419), cert. denied, 534 U.S. 941 (2001)).

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that Petitioner has failed to present any meritorious claims for relief and Respondent's motion for summary judgment will be granted.

**IT IS, THEREFORE ORDERED** that:

1. Respondent's motion for summary judgment is **GRANTED**. (Doc. No. 5).
2. Petitioner's motion to proceed in forma pauperis is **GRANTED**. (Doc. No. 2).
3. Petitioner's petition for habeas corpus is **DENIED** and **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not

made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: September 29, 2014

Frank D. Whitney
Chief United States District Judge